Ali S. Razai (SBN 246922)
ali.razai@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Justin J. Gillett (SBN 298150)
justin.gillett@knobbe.com
Brandon G. Smith (SBN 307676)
brandon.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Defendants
LUXOTTICA GROUP S.P.A. and
LUXOTTICA OF AMERICA INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-VISION OPTICS, LLC, and E-VISION SMART OPTICS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>LUXOTTICA GROUP S.P.A. and LUXOTTICA OF AMERICA INC., <br><br>Defendants. | Case No. 8:23-cv-02013 AB (SHKx) <br><br>**DEFENDANTS' OPENING BRIEF ON THEIR MOTION TO DISMISS PLAINTIFFS' CLAIMS OF WILLFUL, INDIRECT, AND DIVIDED INFRINGEMENT** <br><br>HEARING: <br>May 10, 2024 <br>10:00 a.m. <br>Courtroom 7B <br><br>Honorable André Birotte Jr. |

## I. INTRODUCTION

When the Court dismissed the original complaint, it ruled Plaintiffs had inadequately pleaded willful, indirect, and divided infringement. (Dkt. 45 at 7–9.) Plaintiffs filed an amended complaint relying on the same insufficient allegations. Because nothing has changed, the Court should again dismiss these claims. And this time, it should dismiss with prejudice.

## II. ARGUMENT

**A. To plead the knowledge and intent elements of willful and indirect infringement, Plaintiffs repeat allegations the Court previously held inadequate.**

A defendant can infringe a patent willfully only if it knew of the patent and specifically intended to infringe. *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021). "Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness." *Id.* at 988.

Indirect infringement likewise requires knowledge of culpability. A party induces infringement only if it knows of the patent and specifically intends to encourage another to directly infringe, knowing the induced acts constitute infringement. *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, 30 F.4th 1109, 1117–19 (Fed. Cir. 2022); *Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 407 (Fed. Cir. 2018). "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015); *see also Life Techs. Corp. v. Promega Corp.*, 580 U.S. 140, 150 n.8 (2017) (describing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011) as "substantially equating the intent requirements for §§271(b) and (c)").

In their original complaint, Plaintiffs e-Vision Optics and e-Vision Smart Optics alleged: (1) an April 20, 2018 email put "Luxottica affiliates" Essilor of America and Essilor International S.A. "on notice regarding eVision's patent

portfolio"; (2) Defendants were aware of the asserted patents since receiving an October 25, 2023 letter; and (3) Defendants were aware of the asserted patents and the alleged infringement since the October 26, 2023 filing of the lawsuit and service of the complaint. (*E.g.*, Dkt. 1 ¶ 37.)

The Court ruled none of these events sufficed to plead willful or indirect infringement. (Dkt. 45 at 9.) The 2018 email to Essilor entities did not identify the asserted patents. (*Id.*) Plaintiffs sent the October 2023 letter only to Luxottica of America and only the day before filing suit. (*Id.* at 8, 9.) Neither of these communications could establish the requisite state of mind before the lawsuit began. (*Id.* at 9.)

The Court acknowledged district courts are split on whether the filing of a complaint can establish the requisite knowledge and intent for a claim of post-suit willfulness or post-suit indirect infringement. (*Id.*) Courts in this district and across the country have held that it cannot. *E.g.*, *GoTV Streaming, LLC v. Netflix, Inc.*, No. 2:22-cv-07556, 2023 WL 2627016, at *3 (C.D. Cal. Feb. 16, 2023); *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 2:21-cv-09011, 2022 WL 2047613, at *2–3 (C.D. Cal. Jan. 18, 2022); *Proxyconn Inc. v. Microsoft Corp.*, No. 8:11-cv-1681, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012); *see also, e.g.*, *Kaufman v. Microsoft Corp.*, No. 16-cv-2880, 2020 WL 364136, at *4 (S.D.N.Y. Jan. 22, 2020); *M & C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-cv-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018); *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-cv-01161, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017). The Court adopted that view: "filing a complaint, alone, does not establish the post-suit knowledge necessary to support willful and induced infringement claims." (Dkt. 45 at 9.) The Court cited *Ravgen*'s statement that "It seems beyond the pale to expect every patent defendant to cease all allegedly infringing conduct once a complaint is filed to force them to avoid enhanced damages for willful infringement." (*Id.* (quoting *Ravgen*, 2022 WL 2047613 at *3; omitting internal quotation marks).)

In their amended complaint, Plaintiffs no longer cite the 2018 email to Essilor entities, but they again rely on: (1) the October 2023 letter they sent one day before suing Defendants and (2) the filing and service of the original complaint. (*E.g.*, Dkt. 49 (Amended Compl.) ¶ 39.) Plaintiffs allege no new facts.

The Court's prior ruling is law of the case. *Pit River Home & Agr. Co-op. Ass'n v. United States*, 30 F.3d 1088, 1096–97 (9th Cir. 1994); *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). Because Plaintiffs allege no new facts, the Court should once again dismiss Plaintiffs' claims of willful and indirect infringement.

**B.   To the extent Plaintiffs assert divided infringement, they fail to state a claim.**

Typically, direct infringement involves a single actor. *See Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1378 (Fed. Cir. 2017). In the context of *method* claims, the Federal Circuit has recognized a limited exception. When performance of the claimed method steps is divided among multiple actors, one actor is responsible for the others' performance only when: (1) that actor directs or controls the others' performance or (2) the actors form a joint enterprise. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc) (per curiam). Direction or control may arise when the alleged infringer acts through an agent under traditional agency principles; when the alleged infringer contracts with another to perform claimed method steps; or when the alleged infringer conditions a benefit on performance of claimed method steps *and* establishes the manner or timing of performance. *Id.* at 1023. A joint enterprise requires: (1) an agreement, (2) a common purpose, (3) a community of pecuniary interest in that purpose, and (4) an equal right of control. *Id.*

When opposing Defendants' first motion to dismiss, Plaintiffs argued they alleged a "joint enterprise" theory of infringement. The Court disagreed. (Dkt. 45 at 7.) But even if Plaintiffs had alleged a joint enterprise, the Court ruled Plaintiffs failed to plead facts sufficient to make the allegation plausible. (*Id.* at 8.)

When the parties conferred on this motion, Plaintiffs maintained they were still pursuing a joint-enterprise theory. But their amended complaint remains defective. At best, Plaintiffs use language superficially reminiscent of divided-infringement concepts. Plaintiffs allege Defendants "direct and control" others by contract or allege customers are directed to perform unspecified "certain actions" as a "condition." (*E.g.*, Dkt. 49 (Amended Compl.) ¶¶ 48, 51.) But Plaintiffs identify no method claims allegedly infringed and no specific acts performed by others. They identify no agency relationship, no contract requiring anyone to participate in infringement, no benefit conditioned on performance of method steps, and no control over the timing or manner of such performance. They also fail to plead the four elements of a joint enterprise.

Plaintiffs fail to plead any new material facts on these issues. Their amended complaint remains deficient under *Akamai*. Therefore, the Court should once again dismiss any claims for divided infringement.

## C. The Court should now dismiss with prejudice.

Plaintiffs had a chance to amend after learning of the defects in their pleadings. They amended some allegations, but not their allegations on willful, indirect, and divided infringement. The Court should therefore dismiss with prejudice. *See, e.g.*, *Monument Peak Ventures, LLC v. Toshiba Am. Bus. Sols., Inc.*, No. SACV 19-02181, 2020 WL 6050597, at *5–6 (C.D. Cal. Aug. 12, 2020) (failed amendments demonstrated futility of granting further leave to amend), *aff'd*, No. 2021-1052, 2021 WL 5876038 (Fed. Cir. Dec. 13, 2021); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (no abuse of discretion in denying further leave to amend after amendment failed to cure deficiencies).

## III. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' claims for willful, indirect, and divided infringement with prejudice.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| April 12, 2024 | /s/ *Mark Lezama* |
|   | Ali S. Razai<br>Mark Lezama<br>Justin J. Gillett<br>Brandon G. Smith |
|   | Attorneys for Defendants<br>LUXOTTICA GROUP S.P.A. and<br>LUXOTTICA OF AMERICA INC. |