UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 23-02013-AB (SHKx) | Date: | June 11, 2024 |
|---|---|---|---|

| Title: | *E-Vision Optics, LLC et al v. Luxottica Group S.p.A. et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Daniel Tamayo | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** [In Chambers] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS OF WILLFUL, INDIRECT, AND DIVIDED INFRINGEMENT [DKT. NO. 56]

Before the Court is Defendants Luxottica Group S.p.A. and Luxottica of America Inc.'s (together, "Defendants") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). ("Motion," Dkt. No. 56.) Plaintiffs e-Vision Optics, LLC and e-Vision Smart Optics, Inc. (together, "Plaintiffs") filed an opposition ("Opp'n," Dkt. No. 61), and Defendants filed a reply. ("Reply," Dkt. No. 63.) The Court held a hearing on the Motion on May 10, 2024. For the following reasons, the Court **GRANTS** the Motion as to willful and indirect infringement without prejudice but without leave to amend but **DENIES** the Motion as to divided infringement because it is moot.

I.   **BACKGROUND**

To decide this Motion, the Court considers the following allegations from Plaintiffs' First Amended Complaint ("FAC," Dkt. No. 49).

Plaintiffs allege that Defendants infringe U.S. Patent No. 8,708,483 ("the '483 Patent"); U.S. Patent No. 8,801,174 ("the '174 Patent"); U.S. Patent No. 8,905,541 ("the '541 Patent"); U.S. Patent No. 10,598,960 ("the '960 Patent"); and U.S. Patent No. 10,613,355 ("the '355 Patent") (collectively, "the Asserted Patents"). *See* FAC ¶¶ 19–28, 31, 57, 88, 115, and 143. Plaintiffs allege that Defendants, through the use, offer for sale, sale, and advertising of certain sunglasses ("the Accused Products"), "infringe[] and continue[] to infringe the Asserted Patents under at least 35 U.S.C. §§ 271(a), 271(b), and 271(c)." *Id*. ¶ 4.

Relevant to the knowledge and intent elements of willful and indirect infringement, Plaintiffs identify the following allegation as supporting their position. *See* Opp'n at 5.

> Luxottica Group and Luxottica of America have been aware of the '483 Patent since October 25, 2023 when they received a letter identifying the patent and their infringement. At the very least, Luxottica Group and Luxottica of America have been aware of the '483 Patent and their infringement based on the Accused Products since at least the filing of the Complaint on October 26, 2023 and service of the original Complaint on October 31, 2023 (*See* Dkts. 1, 28-30).

FAC ¶ 39. Plaintiffs make substantially identical allegations with respect to the rest of the Asserted Patents. *Id.* ¶¶ 70, 97, 125, 162.

Relevant to divided infringement, Plaintiffs allege:

- "Luxottica Group and Luxottica of America sell and/or offer for sale the Accused Products through Luxottica Group's websites . . . which may be accessed by customers within this District."
- "Luxottica Group operates a website through which it markets and sells Ray-Ban Smart Glasses, including the Accused Products."
- "Luxottica Group advertises employment opportunities in Los Angeles, Ca and Riverside, CA, including, on information and belief, employment as sales representatives to sell the Accused

> Products"; "Luxottica Group, through its subsidiary Luxottica of America, sells and offers to sell the Accused Products by directing Luxottica of America to market and sell the Accused Products through Luxottica Group's website"; and "Luxottica of America also sells and offers to sell the Accused products through retail stores owned and operated by Luxottica of America."
> - "Luxottica of America also maintains retail stores in this District where the Accused Products are available for purchase."
> - "Luxottica of America cooperates with its parent Luxottica Group to market and sell the Accused Products through its use of Luxottica Group's ray-ban.com website."

*Id.* ¶¶ 7-9, 11, 12.

## II. LEGAL STANDARDS

### a. Failure to State a Claim

Fed. R. Civ. P. 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough detail to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

A court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of matters of public record outside of the pleadings and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689-90.

### b. Leave to Amend

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This principle is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003) (per curiam).

There are a number of specific rationales, the *Foman* factors, that justify dismissal without granting leave to amend: undue delay, bad faith, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility. *Foman*, 371 U.S. at 182. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Id.*

## III.   DISCUSSION

### a. Willful and Induced Infringement

"To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021). "To willfully infringe a patent, the patent must exist and one must have knowledge of it." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (emphasis omitted). The plaintiff must show that the alleged infringer not only knew of the patent but also

knew or should have known that its allegedly infringing actions were both patented and infringing. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010).

Induced infringement claims also require allegations that a defendant knew of the asserted patent. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765 (2011). "The accused infringer must have knowingly aided and abetted direct infringement and taken active steps to encourage, recommend, or promote infringement." *H. Lundbeck A/S v. Lupin Ltd.*, 87 F.4th 1361, 1370 (Fed. Cir. 2023) (cleaned up) (quoting *Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 630-31 (Fed. Cir. 2015)). "The intent element requires 'knowledge that the induced acts constitute patent infringement,' which can be established by a proper finding of 'willful blindness.'" *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, 30 F.4th 1109, 1118 (Fed. Cir. 2022) (quoting *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1286 (Fed. Cir. 2020)). In turn, "willful blindness" requires that the "defendant . . . subjectively believe that there is a high probability that a fact exists" and that the "defendant . . . take deliberate actions to avoid learning of that fact." *Id.* (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011)).

Plaintiffs argue that their allegations of willful and induced infringement are sufficient because Defendants were notified about the Asserted Patents when they were served with the original Complaint and when they were contacted by Plaintiffs one day prior to the filing of this lawsuit. *See generally* FAC ¶¶ 39, 70, 97, 125, 162; Opp'n at 5-7.[1]

Nationwide, "[d]istrict courts are split on whether the alleged inducer must have had knowledge of the patent prior to the filing of the original complaint." *GoTV Streaming, LLC v. Netflix, Inc.*, No. 222CV07556RGKSHK, 2023 WL 2627016, at *2 (C.D. Cal. Feb. 16, 2023).[2] At least in this District, however, a claim for willful

---

[1] In the original Complaint, Plaintiffs alleged that Defendants were aware of the Asserted Patents since 2018. Complaint ¶¶ 37, 64, 87, 111, 144. Those allegations are not present in the FAC.

[2] At the hearing in this matter, counsel for Plaintiffs argued that the split of authority only applies to whether the alleged inducer must have had knowledge of the patent prior to the pleading being evaluated. However, although some courts distinguish between original and amended pleadings, *GoTV* noted that the split is whether "the alleged inducer must have had knowledge of the patent prior to the filing *of the original complaint*." 2023 WL 2627016, at *2 (emphasis added); *see also Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 646 (N.D. Cal. 2022), *leave*

or induced infringement generally cannot be based on a defendant's mere refusal to stop the allegedly infringing conduct after the lawsuit is filed. "[A] plaintiff must allege in an original complaint that the alleged inducer had knowledge of the patent-in-suit prior to filing," because "[t]he purpose of a complaint is to obtain relief [for] an existing claim and not to create a claim." *Id.* (quoting *Ravgen, Inc. v. Quest Diagnostics Inc.*, 2022 WL 2047613, at *2-3 (C.D. Cal. Jan. 18, 2022)). In addition, "ambushing defendants with willful infringement claims instead of typical cease-and-desist letters would effectively deny defendants the opportunity to meaningfully evaluate and potentially cease the allegedly infringing conduct in order to avoid liability for induced infringement or willful infringement." *Id.* "It seems beyond the pale to expect every patent defendant to 'cease all allegedly infringing conduct once a complaint is filed' to force them to avoid enhanced damages . . . ." *Id.* (quoting *Ravgen*, 2022 WL 2047613, at *3). Thus, "to state a claim for induced infringement, a plaintiff must allege that the alleged inducer had knowledge of the patent-in-suit prior to filing the action, regardless of whether that allegation is made in an original complaint or an amended complaint." *Id.*

The analysis is the same as to both willful and induced infringement. *See id.* at *2 n.1 (noting that "[b]oth willful infringement and induced infringement require knowledge of the patent" and noting that *Ravgen*'s "analysis of willful infringement mirrored its analysis of induced infringement").

Although this position is not universally followed, it has also been adopted by several courts outside this District. *See, e.g.*, *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 646 (N.D. Cal. 2022), *leave to appeal denied*, No. 2022-134, 2022 WL 1486359 (Fed. Cir. May 11, 2022) (collecting cases and "join[ing] those district courts that do not generally allow the complaint to serve as notice" except in cases filed by the accused infringer seeking declaratory relief); *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 250-52, 250 n.2 (D. Del. 2021) (collecting cases and holding "the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement and willfulness-based enhanced damages" because a plaintiff cannot "prove an element of a legal claim with evidence that the plaintiff filed the claim" and "[t]he purpose of enhanced damages is to punish and deter bad actors from egregious conduct"); *Kaufman v.*

---

*to appeal denied,* No. 2022-134, 2022 WL 1486359 (Fed. Cir. May 11, 2022) ("join[ing] those district courts that do not generally allow the complaint to serve as notice" because doing otherwise "would circumvent the worthwhile practice to send a cease-and-desist letter *before suit*") (emphasis added). *Sonos* applied this rule to an amended pleading. 591 F. Supp. 3d at 642, 649.

| CV-90 (12/02) | **CIVIL MINUTES – GENERAL** | Initials of Deputy Clerk DTA |
|---|---|---|

*Microsoft Corp.*, No. 16 CIV. 2880 (AKH), 2020 WL 364136, at *4 (S.D.N.Y. Jan. 22, 2020) (rejecting the argument "that the claim of willful infringement should survive summary judgment because the filing of the present suit gave Defendant actual knowledge of the '981 Patent"); *Adidas Am., Inc. v. Skechers USA, Inc.*, No. 3:16-CV-1400-SI, 2017 WL 2543811, at *4 (D. Or. June 12, 2017) ("If the defendant does not learn of the patent's existence until the plaintiff files a complaint for infringement, there is no basis upon which the plaintiff can plead that the defendant's infringement was willful.").

This Court agrees with other courts in this District, and nationwide, that claims for willful and induced infringement generally fail without allegations of pre-suit knowledge of the asserted patents. First, willfulness and inducement both require that the plaintiff allege that the defendant knew its acts were infringing. This allegation must be plausible rather than merely possible. If a plaintiff alleges that a defendant chose to argue non-infringement rather than ceasing the allegedly infringing conduct, this conduct is just as consistent with a belief that no infringement has occurred as with knowledge of infringement. Allegations of this character are insufficient under *Twombly* and *Iqbal*. Second, as noted in *ZapFraud* and *GoTV*, a plaintiff cannot prove an element of a legal claim solely with evidence that the plaintiff filed the claim. Third, "allowing the complaint to serve as notice would circumvent the worthwhile practice to send a cease-and-desist letter before suit." *Sonos*, 591 F. Supp. 3d at 646.

Here, Plaintiffs have not alleged that Defendants had knowledge of the Asserted Patents prior to the filing of the action. *See generally* FAC ¶¶ 39, 70, 97, 125, 162; Opp'n at 5-7. Plaintiffs do allege that Defendants received their cease-and-desist letter one day before the Complaint was filed. *See* FAC ¶ 39. However, considering the legal principles outlined above, this allegation is not sufficient. For starters, although the FAC alleges that the letter was received one day before the Complaint was filed, there are no factual allegations suggesting that the letter was read or reviewed that day. Furthermore, a "reasonable time must be allowed for the alleged infringer to evaluate the letter and to react," because "[t]he shorter the timespan allowed before suit, the less it can be said the patent owner" has a sufficient basis to allege willful or induced infringement. *Sonos*, 591 F. Supp. 3d at 644. Indeed, the facts of *Sonos* are nearly identical to those here. In *Sonos*, the plaintiff "gave notice of infringement less than twenty-four hours before commencing [its] action . . . ." *Id.* at 646. As here, that one day "was not enough time to provide [the] alleged infringer a meaningful opportunity to cease infringing or provide a license." *Id.* Also, as in *Sonos*, Plaintiffs' Complaint is lengthy and alleges infringement of multiple patents, which undermines the plausibility of the inference that Defendants

gained the required knowledge before the Complaint was filed. *See id.* There is no material difference between a letter sent one day before the Complaint was filed and a scenario where the defendant is notified of the asserted patents when the case is filed.

Even courts concluding that willfulness and inducement do not require pre-suit knowledge have rejected allegations like those here. For example, in *M & C Innovations, LLC v. Igloo Prod. Corp.*, if "the complaint put [the defendant] on notice of the existing patents, and [the defendant] continued . . . manufacturing its infringing products, this would simply be the kind of 'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness." No. 4:17-CV-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018). "Moreover, this post-suit fact pattern characterizes every infringement action except for those in which an alleged infringer immediately ceases production following service of the complaint." *Id. M & C* distinguished cases where the plaintiff made "allegations suggesting that [the defendant] deliberately re-dedicated itself to infringing after being served with the complaint" or "allegations that there was 'escalation' of infringement post-complaint (i.e., retaliatory behavior driven by an infringer's awareness that 'litigation was afoot')." *Id.* (quoting *Simplivity Corp. v. Springpath, Inc.*, No. CV 4:15-13345-TSH, 2016 WL 5388951, at *18 (D. Mass. July 15, 2016)). Similarly, in *Slot Speaker Techs., Inc. v. Apple, Inc.*, the "[d]efendant's post-suit manufacturing and sales [could not be] the exclusive evidence of [the d]efendant's willful infringement." No. 13-CV-01161-HSG, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017). *Slot Speaker* noted that there were "no specific factual allegations about [the d]efendant's subjective intent or details about the nature of [the d]efendant's conduct to render a claim of willfulness plausible, and not merely possible." *Id.* As *Slot Speaker* noted, a "[d]efendant's ongoing manufacturing and sales, on their own, are equally consistent with a defendant who subjectively believes the plaintiff's patent infringement action has no merit." *Id.* There are no "case[s] that stand[] for the broad proposition that a defendant must cease all allegedly infringing conduct once a complaint is filed in order to avoid a willful infringement claim." *Id.*

Here, Plaintiffs have only alleged that Defendants have continued their pre-suit conduct, which allegedly infringes the Asserted Patents. *See generally* FAC ¶¶ 39, 70, 97, 125, 162. There is no allegation that Defendants escalated the allegedly infringing behavior in retaliation for being sued, no allegation that Defendants re-dedicated themselves to infringement, and no further allegations shedding light on Defendants' state of mind. Thus, even if the Court were to agree with Plaintiffs that pre-suit knowledge of the Asserted Patents is not required for willful and induced infringement, dismissal would still be appropriate.

### b. Leave to Amend

The Court does not find leave to amend appropriate. Leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)). However, "[d]enial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). For example, in *Rutman*, the Ninth Circuit held that the district court "did not abuse its discretion in denying leave to amend a second time" after "[t]he district court's written order identified the defects in the [operative pleading] and then permitted [the plaintiff to amend its complaint once again," but the amended pleading "did not cure the deficiencies." *Id.*

Here, Plaintiffs have not requested leave to amend and their arguments in support of the FAC do not suggest that additional allegations could cure the deficiencies identified here. Moreover, the allegations at issue here are substantially similar to the allegations the Court reviewed when dismissing the original Complaint. Plaintiffs have alleged no new facts; they only allege that time has passed and Defendants have continued their allegedly infringing conduct. Because, as to willfulness and inducement, the FAC is not materially different from the original Complaint, it is determined that leave to amend would be futile.

At the hearing on the Motion, Plaintiffs did not request leave to amend. This further supports the determination that leave to amend is unnecessary. However, Plaintiffs have requested that the dismissal be without prejudice so they could potentially file a new suit with allegations of willfulness based on Defendants' knowledge of the Asserted Patents from this action. The Court agrees that dismissal without prejudice is appropriate. However, the Court does not take any position on whether such a suit would be viable; that issue is not before the Court.

### c. Contributory Infringement

The analysis of induced infringement applies equally to the allegations of contributory infringement. Although the Motion passes over the issue briefly, it seeks dismissal of all of Plaintiffs' claims for indirect infringement. *See* Motion at 2. Neither party separately analyzes the induced and contributory infringement claims. *See generally* Motion at 2-4; Opp'n at 5-7; Reply at 2-6. Indeed, "[l]ike induced infringement, contributory infringement requires knowledge of the patent

in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). The Supreme Court has also acknowledged that its precedents have "substantially equat[ed] the intent requirements for §§ 271(b) [induced infringement] and (c) [contributory infringement]." *Life Techs. Corp. v. Promega Corp.*, 580 U.S. 140, 141 n.8 (2017). Thus, the Court also dismisses the contributory infringement claim without prejudice but without leave to amend.

### d. Divided Infringement

Claims brought under 35 U.S.C. §§ 271 require identification of the infringing acts committed by a defendant. *See, e.g.*, *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 709 F.3d 1348, 1362 (Fed. Cir. 2013) (finding that liability for direct infringement attaches if a defendant committed "all the acts necessary to infringe the patent, either personally or vicariously."). "Courts in this circuit have held that a complaint fails to state a claim and must be dismissed if it does not indicate which individual defendant or defendants are responsible for which alleged wrongful act." *Parity Networks, LLC v. Moxa Inc.*, No. SACV20698JVSKESX, 2020 WL 6064636, at *3 (C.D. Cal. Sept. 11, 2020) (internal citations and quotations omitted). This is because pleadings must "give fair notice of the claim being asserted and the grounds upon which it rests." Fed. R. Civ. P. 8; *see also id*. "[A] complaint that repeatedly refers to defendants collectively, without differentiation, is more likely to run afoul of the plausibility standard of *Iqbal* and *Twombly*." *Slack v. International Union of Operating Engineers*, No. C-13-5001 EMC, 2014 WL 4090383, at *16 (N.D. Cal. Aug. 19, 2014) (quoting *In re American Apparel, Inc. Shareholder Derivative Litigation*, CV 10-06576 MMM RCX, 2012 WL 9506072 at *41 (C.D. Cal. July 31, 2012)). Still, group pleadings may be appropriate if the defendants are similarly situated. *Parity*, 2020 WL 6064636, at *3.

Here, Plaintiffs argue that they "do not plead divided infringement" and that they have alleged each Luxottica Defendant individually and directly infringes the Asserted Patents . . . ." Opp'n at 7. Plaintiffs assert they "do not make or rely on allegations of divided infringement in the First Amended Complaint" and disclaim reliance on a joint-enterprise theory. *Id.* at 8. Nor does the FAC contain allegations that performance of any claimed method steps is divided among multiple actors. In addition, Plaintiffs have separated out the role of each Defendant: Luxottica Group operates the website that sells the Accused Products (with the assistance of its subsidiary Luxottica of America), and Luxottica of America operates the retail stores that sell the Accused Products. FAC ¶¶ 7-9, 11, 12. Based on these concessions, and based on its own review of the FAC, the Court determines that there is no theory of

divided infringement in the FAC. This portion of the Motion is therefore **DENIED** as moot.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion as to willful and indirect infringement without prejudice but without leave to amend but **DENIES** the Motion as to divided infringement because it is moot.

**IT IS SO ORDERED**.