Ali S. Razai (SBN 246922)
ali.razai@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Justin J. Gillett (SBN 298150)
justin.gillett@knobbe.com
Brandon G. Smith (SBN 307676)
brandon.smith@knobbe.com
Daniel C. Kiang (SBN 307961)
daniel.kiang@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Yanna S. Bouris (SBN 228308)
yanna.bouris@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Tel: 310-551-3450
Fax: 310-601-1263

Attorneys for Defendants
LUXOTTICA GROUP S.P.A. and
LUXOTTICA OF AMERICA INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-VISION OPTICS, LLC, and E-VISION SMART OPTICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LUXOTTICA GROUP S.P.A. and LUXOTTICA OF AMERICA INC., <br><br> Defendants. | Case No. 8:23-cv-02013 AB (SHKx) <br><br> **DEFENDANTS' *EX PARTE* APPLICATION FOR EXPEDITED BRIEFING ON THEIR PROPOSED MOTION TO MODIFY SCHEDULING ORDER** <br><br> Honorable André Birotte Jr. |

## I.  INTRODUCTION

On October 7, 2024, the Court continued the claim-construction hearing from October 11 to December 6. (Dkt. 97.) The hearing is now scheduled to occur after fact discovery closes and initial expert reports are due. Because the Court's construction of the asserted patents affects every issue in this case, the Luxottica defendants are attaching a proposed motion to modify the scheduling order so that the deadlines for fact discovery and expert reports fall after the claim-construction hearing. In the present *ex parte* application, Luxottica respectfully requests expedited briefing and consideration of its motion because the change in the claim-construction schedule affects the parties' ongoing efforts to comply with two rapidly approaching dates: the parties currently must complete fact discovery by November 8, and they must serve opening expert reports by November 22. (Dkt. 54, 58.)

## II.  EXPEDITED BRIEFING IS WARRANTED

The earliest hearing date Luxottica could have obtained for a regularly noticed motion was November 22, 2024. (The Court's web page lists November 8 and 15 as closed.) A regularly noticed motion therefore would have been ineffective for the relief Luxottica seeks, which includes resetting the November 8 fact-discovery cutoff and November 22 deadline for opening expert reports. As explained in the attached proposed motion, requiring the parties to complete fact discovery and serve opening expert reports before the Court construes the patent claims is unworkable and highly prejudicial.

When the Court continued the claim-construction hearing, Luxottica acted promptly. On October 8, Luxottica conferred with the e-Vision plaintiffs via Zoom about moving the remaining case dates by roughly three months. (Ex. 1 at 7–8.[1]) Luxottica explained it sought to restore the original case sequence, which used a

---

[1] Exhibit 1 is appended to this application.

sequence common in patent cases: a claim-construction hearing first, the close of fact discovery second, and expert reports third. That same day, Luxottica proposed a specific case schedule. (*Id.*)

If the parties could not agree on a modified case schedule, Luxottica would need to file a motion. Anticipating a motion might be necessary, Luxottica proposed an expedited briefing schedule for its motion: "Luxottica files its opening papers this Friday, October 11; e-Vision opposes by Wednesday, October 16; Luxottica files any reply by Friday, October 18; and the parties submit on the papers, with a 5-page limit on each brief." (*Id.*)

e-Vision waited until October 10 to respond. e-Vision opposed moving the trial date. But e-Vision stated: "*We do not oppose the briefing schedule you have proposed in your email.*" (*Id.* at 7 (emphasis added).)

Accordingly, that same day, Luxottica prepared a stipulation for the agreed-upon expedited briefing schedule. (*Id.* at 6.) On October 11, e-Vision refused to sign on to the stipulation.

### III.  NOTICE UNDER LOCAL RULE 7-19

By both Zoom and email, Luxottica notified e-Vision on October 8 that it planned to apply *ex parte* for relief on October 11. e-Vision indicated on October 11 that it opposed *ex parte* relief. The attorney of record for e-Vision who has been handling this issue is Brian Hill of King & Spalding, bhill@kslaw.com, 202-626-5446, 1700 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006.

### IV.  CONCLUSION

Luxottica respectfully requests that the Court enter the attached proposed order setting an expedited briefing schedule for the attached motion to modify the scheduling order.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

October 11, 2024          /s/ *Mark Lezama*
                          Ali S. Razai
                          Mark Lezama
                          Yanna S. Bouris
                          Justin J. Gillett
                          Brandon G. Smith
                          Daniel C. Kiang

                          Attorneys for Defendants
                          LUXOTTICA GROUP S.P.A. and
                          LUXOTTICA OF AMERICA INC.

# EXHIBIT 1

| | |
|---|---|
| **From:** | Mark Lezama |
| **To:** | Brian Hill; eVision |
| **Cc:** | Lit ESLUXL.001L |
| **Subject:** | RE: e-Vision v. Luxottica - Case schedule |
| **Date:** | Friday, October 11, 2024 7:17:55 PM |

Brian,

To be clear, Luxottica will request that the Court adopt the entire modified schedule that I
emailed you, including the fact-discovery cutoff and deadlines for expert disclosures.
Luxottica will apply *ex parte* for the expedited briefing schedule that we proposed; e-Vision
said it did not oppose that briefing schedule, but we understand e-Vision will not authorize
the stipulation. We further understand e-Vision will oppose the *ex parte* application. As I
explained when we spoke on Tuesday (and as e-Vision's earlier non-opposition to the
briefing schedule suggested), a regularly noticed motion will not suffice to afford the
requested relief. The Court would not hear the motion any earlier than November 22, which
is after the current fact-discovery cutoff and too late for the November 22 opening expert
reports.

Best regards,

**Mark Lezama**
Partner
Pronouns: he/him
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens

2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Friday, October 11, 2024 2:13 PM
**To:** Mark Lezama <Mark.Lezama@knobbe.com>; eVision <eVision@KSLAW.com>
**Cc:** Lit ESLUXL.001L <LitESLUXL.001L@knobbe.com>
**Subject:** RE: e-Vision v. Luxottica - Case schedule

Hi Mark,

Thanks for clarifying that Luxottica is only seeking a schedule change that moves the trial date.

In any event, we don't agree that this is proper for an ex parte motion.  The Court has a motion
calendar that is capable of resolving a motion to move the trial date.  We also don't see any urgency
to this request – if the issue is having to submit expert reports before the court issues a claim
construction order, the Court should be able to resolve this before expert reports are due.

Sincerely,
Brian

Exhibit 1
4

**From:** Mark Lezama <Mark.Lezama@knobbe.com>
**Sent:** Friday, October 11, 2024 4:51 PM
**To:** Brian Hill <BHill@KSLAW.com>; eVision <eVision@KSLAW.com>
**Cc:** Lit ESLUXL.001L <LitESLUXL.001L@knobbe.com>
**Subject:** RE: e-Vision v. Luxottica - Case schedule

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Brian,

Thanks for your email. We've looked at the schedule closely and don't see a way to keep the current trial date and also reset the deadlines for fact discovery and expert disclosures to a reasonable time after the Court is likely to have issued a claim-construction order. Anything else is too compressed and would prejudice Luxottica. In view of the upcoming deadlines, we need to proceed with our filing today.

Please confirm in the next hour that we may file the stipulation, and please let us know whose signature to use.

**Mark Lezama**
Partner
Pronouns: he/him
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens

2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Friday, October 11, 2024 1:01 PM
**To:** Mark Lezama <Mark.Lezama@knobbe.com>; eVision <eVision@KSLAW.com>
**Cc:** Lit ESLUXL.001L <LitESLUXL.001L@knobbe.com>
**Subject:** RE: e-Vision v. Luxottica - Case schedule

Hi Mark,

We would be willing to consider other changes to the schedule.  I suspect that we can find a proposal that works based on the current trial date.  We could probably send a proposal early next week, but we would need to consult with our client first.  We would be willing to consider any proposals you have in the interim that preserve the trial date.

Can you confirm that this obviates the need for the ex parte motion?

Sincerely,
Brian

---

**From:** Mark Lezama <Mark.Lezama@knobbe.com>

Exhibit 1
5

**Sent:** Friday, October 11, 2024 2:21 PM
**To:** Brian Hill <BHill@KSLAW.com>; eVision <eVision@KSLAW.com>
**Cc:** Lit ESLUXL.001L <LitESLUXL.001L@knobbe.com>
**Subject:** RE: e-Vision v. Luxottica - Case schedule

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Brian, may we file the stipulation? Please let us know whose signature to use.

**Mark Lezama**
Partner
Pronouns: he/him
mark.lezama@knobbe.com
949-721-5362 **Direct**
Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Mark Lezama <Mark.Lezama@knobbe.com>
**Sent:** Thursday, October 10, 2024 1:11 PM
**To:** Brian Hill <BHill@KSLAW.com>; eVision <eVision@KSLAW.com>
**Cc:** Lit ESLUXL.001L <LitESLUXL.001L@knobbe.com>
**Subject:** RE: e-Vision v. Luxottica - Case schedule

Brian,

Thanks. Even though e-Vision is opposed to moving the trial date, does e-Vision have a
proposal on the other dates? E.g., does e-Vision agree the fact-discovery and expert-
discovery deadlines should move? We'd like to understand how far apart the parties are.

The Court has indicated previously that the parties should submit stipulations when filings
are unopposed. I'm attaching a proposed stipulation on the briefing schedule and
procedures. Please review and confirm we may file the stipulation.

Thanks,

**Mark Lezama**
Partner
Pronouns: he/him
mark.lezama@knobbe.com
949-721-5362 **Direct**
Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Thursday, October 10, 2024 11:09 AM

Exhibit 1
6

**To:** Mark Lezama <Mark.Lezama@knobbe.com>; eVision <eVision@KSLAW.com>
**Cc:** Lit ESLUXL.001L <LitESLUXL.001L@knobbe.com>
**Subject:** RE: e-Vision v. Luxottica - Case schedule

Hi Mark,

Thanks for your email.  e-Vision is opposed to moving the trial date.  We do not oppose the briefing schedule you have proposed in your email.

Sincerely,
Brian

---

**From:** Mark Lezama <Mark.Lezama@knobbe.com>
**Sent:** Thursday, October 10, 2024 11:46 AM
**To:** Brian Hill <BHill@KSLAW.com>; eVision <eVision@KSLAW.com>
**Cc:** Lit ESLUXL.001L <LitESLUXL.001L@knobbe.com>
**Subject:** Re: e-Vision v. Luxottica - Case schedule

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Brian,

What does e-Vision think about Luxottica's proposals? As discussed, since time is a factor, Luxottica is planning to file ex parte tomorrow if the parties are unable to agree.

**Mark Lezama**
Partner
Pronouns: he/him
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama
Sent from my mobile device

On Oct 8, 2024, at 4:29 PM, Mark Lezama <Mark.Lezama@knobbe.com> wrote:

Brian,

Thanks for the call earlier. Here's the revised schedule Luxottica proposes.

| Claim Construction | Original Date | Current Date |
|---|---|---|
| Hearing | 10/11/2024 | 12/06/2024 |
| **Remainder of Schedule** | **Current Deadline** | **Luxottica's Proposal** |

Exhibit 1
7

| | | |
|---|---|---|
| Non-Expert Discovery Cut-Off | 11/08/2024 | 02/07/2025 |
| Expert Disclosure (Initial) | 11/22/2024 | 02/28/2025 |
| Expert Disclosure (Rebuttal) | 12/20/2024 | 03/28/2025 |
| Expert Discovery Cut-Off | 01/31/2025 | 04/25/2025 |
| Last Date to File Dispositive and *Daubert* Motions | 02/28/2025 | 05/30/2025 |
| Last Date to Hear Motions | 04/04/2025 | 07/11/2025 |
| Deadline to Complete Settlement Conference | 05/09/2025 | 08/13/2025 |
| Trial Filings (first round) | 05/16/2025 | 08/22/2025 |
| Trial Filings (second round) | 05/30/2025 | 09/05/2025 |
| Final Pretrial Conference | 06/13/2025 | 09/19/2025 |
| Trial | 07/21/2025 | 10/20/2025 |

If the parties do not agree on a revised schedule, Luxottica plans to move *ex parte* because an ordinary briefing schedule would not be fast enough for the current fact-discovery cutoff or opening expert reports. But as I mentioned, a 24-hour turnaround would not be necessary. Luxottica would be open to stipulating to the following: Luxottica files its opening papers this Friday, October 11; e-Vision opposes by Wednesday, October 16; Luxottica files any reply by Friday, October 18; and the parties submit on the papers, with a 5-page limit on each brief.

Please let us know e-Vision's positions.

Thanks,

**Mark Lezama**
Partner
Pronouns: he/him
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original

Exhibit 1
8

message.

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 1
9